IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JUAN PABLO QUEZADA,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **VS.** | § | **NO. 4:21-cv-0655-P** |
| | § | **(NO. 4:19-cr-0364-P)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Juan Pablo Quezada, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On December 11, 2019, Movant was named in a three-count information charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 207. On January 14, 2020, Movant entered a plea of guilty. CR Doc. 237. He and his attorney signed a waiver of indictment, CR Doc. 239, a plea agreement, CR Doc. 240, and a factual resume. CR Doc. 241. The factual resume set forth the charge, the maximum penalty Movant faced, the elements of the offense, and the stipulated facts establishing that Movant had committed

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-364-P.

the offense. CR Doc. 241. The plea agreement likewise set forth the penalties the Court could impose. Further, it reflected Movant's understanding that the sentence would be imposed by the Court after consideration of the sentencing guidelines; that the guidelines were not binding on the Court; that no one could predict with certainty the outcome; that Movant would not be allowed to withdraw his plea if his sentence was higher than expected; that the plea was freely and voluntarily made and not the result of force, threats, or promises; that Movant and his counsel had thoroughly reviewed all legal and factual aspects of the case and Movant was satisfied with counsel's legal representation; and that entering into the plea agreement was in Movant's best interest. CR Doc. 240.

At arraignment, Movant testified under oath that:  He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the Court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; that the Court heavily relied on the PSR and that it was very important for Movant to make sure it was accurate; he understood his right to indictment by a grand jury and he waived that right; his term of imprisonment would be at least five years and could be as much as forty years; he understood the elements of the offense and he admitted that all of them existed; he had read and understood the information; he had read and understood the factual resume and plea agreement and understood everything in them; he was satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR Doc. 768.

2

The probation officer prepared the PSR, which reflected that Movant's base offense level was 38. CR Doc. 380, ¶ 69. He received two-level enhancements for possession of firearms, importation, maintenance of a drug premises, and obstruction of justice. *Id.* ¶¶ 70, 71, 72, 75. He received a four-level increase for role as organizer or leader. *Id.* ¶ 74. His total offense level was capped at level 43. *Id.* ¶ 79. Based on a total offense level of 43 and a criminal history category of V, the guideline imprisonment range was life; however, the statutory maximum was 40 years, so the guideline range became 480 months. *Id.* ¶ 124. Movant filed objections, CR Doc. 436, and the probation officer prepared an addendum to the PSR. CR Doc. 474. The probation officer later prepared a second addendum. CR Doc 485.

On June 10, 2020, the Court sentenced Movant to a term of imprisonment of 480 months. CR Doc. 582; CR Doc. 588. Movant appealed. CR Doc. 645. The United States Court of Appeals for the Fifth Circuit affirmed the judgment. *United States v. Quezada*, 839 F. App'x 913 (5th Cir. 2021). Movant did not file a petition for writ of certiorari.

## II.    GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion, worded as follows:

**GROUND ONE:** Defendant was denied effective counsel during the pretrial proceedings.

Doc.[2] 1 at 4.[3]

**GROUND TWO:** Defendant's guilty plea was involuntary and unknowingly entered as a result of ineffective counsel.

*Id.* at 5.

**GROUND THREE:** Defendant was denied effective counsel on appeal.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The page number reference is to "Page __ of 33" shown at the top right corner of the document.

*Id.* at 6.

## III.    APPLICABLE STANDARDS OF REVIEW

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

4

would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.  ANALYSIS

In support of his first ground, Movant alleges that he was denied effective assistance of counsel during pretrial proceedings because counsel "failed to do any preparation by investigating the facts and law." He says counsel failed to investigate and obtain records as to the authorization to conduct surveillance of Movant's cell phone. He also alleges that counsel failed to interview witnesses and seek out viable defenses. Doc. 1 at 13. One who alleges that counsel was ineffective for failure to investigate "must allege *with specificity* what the investigation would have revealed and how it would have altered the outcome." *United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014)(quoting *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010)); *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Movant does not provide any specificity in support of this ground.

There is no reason to believe that investigation would have turned up any information that would have altered the outcome of the case. Moreover, once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against the defendant are waived. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). A guilty plea waives pre-plea ineffective assistance of counsel unless the movant can show that he would not have pleaded guilty but for counsel's deficient performance and that he would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Cavitt*, 550 F.3d at 441. Movant has not made that showing here.

In his second ground, Movant alleges that his plea was involuntary and unknowingly entered. Doc. 1 at 5. Some of the allegations in support of this ground overlap those of the first ground. In particular, Movant again alleges the failure of counsel to investigate. He also says that his attorney assisted the U.S. Attorney to intimidate him into pleading guilty by threatening that if he did not do so the government would target his wife for malicious prosecution. Doc. 1 at 13, 14.

Any contention that Movant's plea was not knowing and voluntary is belied by the record. Movant testified under oath that he had read, understood, and discussed with his attorney the plea agreement and everything in it; he understood that no one could predict the outcome of the Court's consideration of the guideline facts that might be applicable in his case; no promises or threats had been made to induce him to enter a plea of guilty; and he would not have a right to withdraw his plea if his sentence was more severe than he anticipated. CR Doc. 363. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume, plea agreement, and waiver of indictment are entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises or threats inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the

alleged promise [or threat], (2) exactly when, where, and by whom the promise [or threat] was made, and (3) the precise identity of an eyewitness to the promise [or threat.]" *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegations to the contrary, he has made no attempt to show otherwise. And, he could not show prejudice, as there is no reason outside movant's *ipse dixit* to believe that he would have insisted on going to trial but for the alleged representations of his attorney. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Instead, the record reflects that Movant decided to plead guilty because the government was only pursuing one charge against him and agreed not to bring any additional charges.

In his third ground, Movant alleges that he was denied effective assistance of counsel on appeal. Doc. 1 at 6. Again, the supporting facts are very vague and conclusory. Movant simply says that "counsel failed to consult defendant as to issues, failed to communicate during the appeal process, and limited the appeal to one futile issue." *Id.* at 15. To prevail on a ground like this, the movant must show that counsel was objectively unreasonable in failing to find arguable issues to appeal. And, if he can do that, he must additionally show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Smith v.*

7

*Robbins*, 528 U.S. 259, 285–86 (2000).  In this case, although the appellate court determined that counsel had waived the grounds of appeal by failing to adequately brief them, it also found that had the grounds been adequately briefed, they would still have failed. *United States v. Quezada*, 839 F. App'x at 914–15. Movant has not identified any other issue that would have been meritorious.

## V.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **10th day** of **June, 2022**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE